## Gilmore & Helm, et al. v. Brown.

(Decided February 7, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Trial.—In action by vendor to recover money from agents who asserted that they had been authorized by vendor to sell realty, where vendor asserted that authorization of sale was procured by fraud, and under pleading plaintiff relied exclusively upon fraud, and defendants relied on acceptance of written offer that they were to receive all over certain sale price which raised issue only as to whether contract was made, and, if made, whether it was procured by fraud, and instructions were given by court which were not confined to issue, held, since no other issues should have been submitted to jury, instructions were erroneous.

JOHN IRICK and JOSEPH S. LAWTON for appellants.

BECKHAM OVERSTREET, G. F. WYCOFF and CLARENCE BEATTY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Re- versing.

D. H. Brown sued the firm of Gilmore & Helm to re- cover the sum of $300, alleged to have been illegally re- tained by them as selling agents in the sale of his farm; specifically alleging that at the instance of defendant's agent, Clarence Hawes, he on or about May 1, 1924, listed his farm for sale with that firm, and that it negotiated a sale thereof at the price of $2,500.

Subsequent to those negotiations on June 9th, Hawes called upon him and fraudulently withheld all informa-

tion as to such sale and falsely represented to him that he had an offer of $2,200 for the place, and that on account of the dilapidated condition of his residence he could not get exceeding $2,200 therefor, and advised him to sell at that figure, and that in reliance upon this representation he agreed to this sale; that two or three days later Hawes reported the sale at $2,200, and that in ignorance of the fraud mentioned he made a deed to the purchaser at that figure, defendants retaining $300 as commissions; the prayer being to recover this sum. Defendants traversed the allegations of the petition and affirmatively alleged that on the 9th of June, 1924, plaintiff and his wife, made them a proposition, in writing, offering to take the sum of $2,200 net for plaintiff's farm, $200 cash, and the balance payable in 30 days; that upon receipt of this offer their agent, Hawes, visited plaintiff and informed him that they could not handle the property without a commission, whereupon he agreed to give them as commission all of the sale price in excess of $2,200 that they could obtain; that they negotiated a sale for $2,500 and received $500 earnest money, $200 of which they paid plaintiff, retaining the other $300, and with full knowledge of the facts plaintiff conveyed his property to the purchaser. No exhibit was filed with this pleading, the affirmative allegations of which were controverted by reply. A jury trial resulted in a verdict for plaintiff for $225, and defendant has entered a motion in this court for an appeal. The evidence was not taken by a stenographer, and as reported in the bill of exceptions is quite meager.

The plaintiff seems to have testified in accordance with the allegations of his petition, and upon being confronted with the written proposal first denied that he signed it, and then said he did not know whether he did or not as he can neither read nor write, but that he signed no instrument according to the terms of that writing. He admits that he executed the deed after learning from the purchaser that the property was sold for $2,500. He testifies and proves by another witness that his agreement was to pay 3 per cent. commission. The testimony of defendant's agent, Hawes, conformed to the allegation of the answer and the draftsman testifies that plaintiff fully understood the terms of the sale before he and his wife executed deed to the purchaser. The written proposal introduced in evidence was in accordance with the allegations of the pleading. Plaintiff's name is signed to it by mark, and his wife's signature is not questioned.

However, as introduced, it could be attacked for fraud, and if executed by reason of false representations, as claimed by plaintiff, its execution would not be binding on him, nor would his execution of the deed to the purchaser preclude him from denying the contract of listing as claimed by defendant. Under the pleadings, the plaintiff relied exclusively on the fraud of defendants and sought a recovery of the entire amount retained, while the defendants relied exclusively on the acceptance of the written offer with the modification that they were to receive all over $2,200 of the sale price. It thus appears that the only issue was as to whether that contract was made, and if made whether it was procured by fraud. No other issues should have been submitted to the jury. The instructions given by the court were not, confined to those issues and are therefore erroneous.

Wherefore an appeal is granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.